IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| BRANHAVEN, LLC, | * |
| Plaintiff, | * |
| v. | CIVIL NO.: WDQ-11-2334 |
| BEEFTEK, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Branhaven, LLC sued BeefTek, Inc., BT Selection, LLC, and
PrimeBeefMarker, LLC (collectively, "the corporate defendants")
for a declaratory judgment.  The corporate defendants counter-
claimed for a declaratory judgment and impled Scidera, Inc.  For
the following reasons, Branhaven's motion for leave to file a
second amended complaint will be denied, and its motion to amend
the scheduling order will be granted in part and denied in part.

I.   Background[1]

Branhaven is a successor-in-interest to Metamorphix, Inc. ("MMI") and MMI Genomics, Inc. ("MMIG").  ECF No. 15 ¶¶7, 34. MMI and MMIG studied cattle genes, looking for markers of desirable beef traits such as marbling and tenderness.  *Id*. ¶7. MMIG had four patents for tests that it used in its studies: patent numbers 7,468,248, 7,511,127, 7,709,206, and 8,026,064. ECF No. 37 Attach. 2 ¶12.  The patents protected the process and "confidential information necessary to perform" the genetic marker testing.  ECF No. 15 ¶27.  MMIG assigned the patents to MMI and Cargill, Inc.  ECF No. 37 Attach. 2 ¶13.

On September 22, 2009, MMI agreed with BT Selection to allow BeefTek's limited use of proprietary genetic information that MMI had developed to sell genetic testing services to the beef industry (the "licensing agreement").[2]  ECF No. 15 ¶8.  On

---

[1] A motion to amend pleadings that may be futile is treated as if the opposing party has moved to dismiss; the well-pled allegations in the proposed amended complaint are accepted as true.  *See United States ex. Rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d  370, 376 (4th Cir. 2008); *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" on a 12(b)(6) motion.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The Court may consider the same materials in determining whether amendment is futile.

[2] The parties dispute whether BeefTek or BT signed the agreement. *Compare* ECF No. 15 ¶9 *and* ECF No. 37 Attach. 2 ¶15 *with* ECF No. 39 at 6.  As it applies the standard of Rule 12(b)(6), the Court

October 15, 2009, MMI entered into a distribution agreement with PrimeBeefMarker related to the testing services.  ECF No. 15 ¶15.  In the distribution and licensing agreements, the corporate defendants agreed to collect and send beef gene samples to MMI, which would perform the testing, unless MMI defaulted on the agreement or did not perform the testing "in a prompt manner"; in that case, the corporate defendants could perform the testing.  ECF No. 15 ¶¶10, 16.

On January 28, 2010, MMI was put into involuntary Chapter 7 bankruptcy.  *Id.* ¶18.  For the next eight months, MMI remained autonomous because no Initial Order for Bankruptcy Relief had issued.  *Id.*  On March 9, 2010, MMI and BeefTek executed an amendment to the licensing agreement, and MMI and PrimeBeef-Marker amended the distribution agreement.  *Id.* ¶¶19, 23.  The amended agreements permitted the corporate defendants to access the testing information and perform the tests if MMI did not perform the tests in a reasonable time.  *Id.* ¶¶10, 16, 20, 22.  The patent protected information ("the IP") was placed into escrow.  *Id.* ¶27.

On December 10, 2010, MMI and BeefTek, without notifying the Bankruptcy Court or other bankruptcy parties, instructed the escrow holder to release some of the IP to BeefTek.  *Id.* ¶30.

---

will accept the factual allegations in the complaint as true. *Brockington*, 637 F.3d at 505.

On March 17, 2011, the Bankruptcy Court approved the transfer of MMI's and MMIG's intellectual property rights to Branhaven. *Id.* ¶¶31-35.

On August 22, 2011, Branhaven sued the corporate defendants. ECF No. 1.

On September 20, 2011, BeefTek's CEO, John Lamar, told Branhaven that it planned to exercise its right under the licensing agreement to seek a new testing facility and transfer the confidential information to that new facility if Branhaven did not match that facility's terms and pricing. *Id.* ¶44.

On October 20, 2011, with the corporate defendants' consent, Branhaven filed an amended complaint. ECF No. 15. The amended complaint alleged claims for: (1) unfair competition and false designation of origin; and sought (2) a declaratory judgment that Branhaven had not breached the licensing, distribution or other agreements with the corporate defendants, and the corporate defendants lack rights to use, access, or share the IP unless Branhaven breaches the agreements; and (3) injunctive relief based on an anticipated breach of the licensing agreement. *Id.* ¶¶40-68.

On November 10, 2011, the corporate defendants answered the complaint and counterclaimed against Branhaven and a third-party defendant, Scidera. ECF No. 31. On the same day, the Court entered a scheduling order pursuant to Local Rule 103.9. ECF

4

No. 32.  The order required the parties to move to amend the pleadings and join additional parties by December 26, 2011.  *Id.* at 2.[3]

On November 29, 2011, Magistrate Judge Stephanie Gallagher held a settlement conference with the parties.  On November 30, 2011, Branhaven and Scidera answered the counterclaim.  ECF No. 34.  On December 2, 2011, Judge Gallagher held another settlement conference.  ECF No. 35.

On December 26, 2011, Branhaven moved for leave to file a second amended complaint with Cargill as a party to the declaratory judgment claim,[4] three BeefTek officers as defendants ("the individual defendants"),[5] and a claim for patent infringement.  ECF No. 37 Attach. 2.  On January 9, 2012, Branhaven moved to amend the scheduling order.  ECF No. 38.  On

---

[3] Branhaven was required to make its expert testimony disclosures by January 9, 2012, and the corporate defendants were to do the same by February 8.  ECF No. 32 at 2.  Branhaven had until February 22, 2012 to make its rebuttal disclosures.  By February 29, the parties would supplement and respond to the disclosures.  By March 26, discovery would be completed and a status report was due.  Requests for admission were due by April 2, and dispositive pretrial motions were to be submitted no later than April 23, 2012.  *Id.*

[4] The motion for leave to file states that Cargill should be added as a plaintiff, ECF No. 36 ¶7, but the second amended complaint lists Cargill as a defendant, ECF No. 37 Attach. 1, caption; *id.* ¶8.  Branhaven did not explain the discrepancy.

[5] John Lamar, Michael Cohen, and Tom Hogan.  ECF No. 37 Attach. 2 ¶¶5-7.

the same day, Judge Gallagher held a third settlement confer-

ence.  On January 12, 2012, the corporate defendants opposed

Branhaven's motions.  ECF Nos. 39, 40.  On January 26 and 30,

2012, Judge Gallagher held two more settlement conferences.

Also on January 30, Branhaven filed a reply to the opposition to

its motion for leave to file a second amended complaint.  ECF

No. 41.

II.  Analysis

   A.   Standard for Leave to Amend

   Under Fed. R. Civ. P. 15(b), a party may amend its pleading

if the opposing party gives written consent, or the Court

permits the amendment.  The Court will allow amendment when

justice requires, and may consider such factors as prejudice to

the other parties and whether amendment would be futile.

*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)

(*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).[6]  Leave to

amend will only be denied as futile when the amended complaint

would not survive a motion to dismiss.  *United States ex. Rel.*

*Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th

---

[6] Although *Johnson* provides general guidance on granting leave to
amend pleadings, its standard of "deni[al] on the ground of
futility when the proposed amendment is *clearly insufficient or
frivolous* on its face," 785 F.2d at 510 (emphasis added), has
been changed by *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).
*Iqbal* redefined the standard for dismissal under Fed. R. Civ. P.
12(b)(6), which governs the Court's futility determination.  *See*
*Wilson*, 525 F.3d at 376.

Cir. 2008).  The Court determines futility under the standard of Fed. R. Civ. P. 12(b).  *Id.*

The Court may also deny leave to amend when the plaintiff has had substantial discovery or has filed several, previously amended complaints.  *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006).[7]  When there is evidence that the plaintiff filed the motion in bad faith or with a "dilatory motive," or has repeatedly failed to "cure deficiencies by amendments previously allowed," denial is proper.  *Id.*  Failure to explain a delay in moving to amend may create an inference of bad faith or intentional delay.  *Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988).

B.  Addition of Cargill

Branhaven proposed to join Cargill as a plaintiff because, "as co-owner of the patents at issue, . . . its rights will be affected by the resolution of [the] parties' respective claims for declaratory judgment."  ECF No. 36 ¶7.  Offering no explanation, it instead added Cargill as a defendant in the declaratory judgment claim (related to agreements to which

---

[7] *See also Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988) (District court properly denied leave to amend when "there [was] ample evidence of undue delay, bad faith, and prejudice" because the movant had waited four years after the claim was brought, until the conclusion of discovery, to move to amend its complaint to assert a new affirmative defense and provided no explanation for the delay).

Cargill is not a party), but not the patent infringement claim (alleging that the corporate defendants are infringing patents that Cargill "co-own[s]").  ECF No. 37 Attach. 1 ¶¶8, 53, 66-68. Branhaven did not request relief against Cargill in the declaratory judgment claim, but noted that Cargill is "a party in interest" which is "necessary . . . to the resolution of *these claims.*"  *Id.* ¶53 (emphasis added).  It is unclear how Cargill is a defendant charged with no wrongdoing, and why, if it is necessary to the resolution of the other claims, it was not added to them.

A joint owner of a patent may sell rights in the patent without the consent of other joint owners.  35 U.S.C. § 262; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998).[8]  Branhaven did not allege that Cargill was a party to the licensing agreement.  *See* ECF No. 37 Attach. 1.  Accordingly, Cargill has no interest in the Branhaven-Beeftek agreements, and it is not a party in interest to the declaratory judgment claim.  Leave will not be granted to add Cargill as a defendant to the declaratory judgment action.

---

[8] In matters of patent law, Federal Circuit opinions are binding on federal district courts.  *Panduit Corp. v. All States Mfg. Co.*, 744 F.2d 1564, 1573 (Fed. Cir. 1984); *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 511 (E.D. Va. 2000).

C.   New Patent Infringement Claim

Branhaven seeks to add a patent infringement claim against the corporate and individual defendants.   ECF No. 37 Attach. 2 ¶¶66-68.   When "one co-owner [of a patent] possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing" to prosecute patent infringement.   *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007).   "As a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in the infringement suit."   *Ethicon*, 135 F.3d at 1468 (*quoted in Amgen*, 475 F.3d at 1264).   This gives each co-owner "the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit."[9]   *Id.*

Aside from Branhaven's assertion that "Cargill has expressed interest in participating in this litigation," ECF No. 41 ¶1, there is no evidence that Cargill wants to join this litigation.   Cargill has not petitioned the Court to intervene, or consented to being added as a plaintiff.[10]   The Court cannot force Cargill to join in the infringement claim.   Without Cargill, all co-owners are not joined in the infringement action, and the Court cannot resolve the infringement claim.

---

[9] That right can be waived by contract among the co-owners. *Ethicon*, 135 F.3d at 1468 n.9.

[10] Presumably Branhaven would have alleged Cargill's consent, had it been obtained.

*Ethicon*, 135 F.3d at 1468.  As the proposed claim would be futile, the request to add it will be denied.  *See Kellogg Brown & Root*, 525 F.3d at 376.

    D.   Addition of BeefTek Officers

Branhaven seeks to add Lamar, Cohen, and Hogan, BeefTek officers, as defendants on all claims.  *See* ECF No. 37 Attach. 2 at 3.

Individual officers are not proper defendants for contract claims between corporate entities.  A corporate officer who signs a contract in his corporate capacity is not a party and cannot be held liable for breaches, even if he "ma[kes] and enforce[s] contracts" for the company.  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475 (2006)[11]; *Tekstrom, Inc. v. Salva*, 918 A.2d 1171 (table), 2007 WL 328836 *7 (Del. Feb. 5 2007).

Counts I and III arise from contracts between Branhaven and the corporate defendants; the individual officers are not parties to those contracts.  *See* ECF No. 37 Attach. 1 ¶¶14, 17, 21, 25, 29, 47-52, 62-65.  Accordingly, the individuals are not proper defendants in those claims.[12]

---

[11] Unless the officer's decision is tainted by fraud. *See, e.g.*
*Kent Cnty. Equip., Inc. v. Jones Motor Grp., Inc.*, No. 08C-04-
0030, 2009 WL 737782 *4 (Del. Super. Ct. Mar. 20, 2009).
Delaware law governs the agreements. *See* ECF No. 37 Attach. 1
at 110.

[12] An injunction against the corporate defendants, as Branhaven
seeks in counts II and III, would "restrain[] and enjoin[] the

Count II alleges unfair competition and false designation of origin, in violation of the Lanham Act.  ECF No. 37 Attach. 1 ¶60.

> [W]hen a corporation violates a statute, individuals who 'voluntarily and intentionally caused the corporation to act' in violation of the statute can be personally liable for those statutory violations.

*Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011) (*quoting Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1144 (4th Cir. 1975)).  An officer "cannot hide behind the corporation" when he directs, authorizes, or participates in a violation of the Lanham Act.  *Id.*

The second amended complaint does not allege that the individual officers directed, authorized, or participated in a violation of the Lanham Act.  At most, it alleges that Lamar notified Branhaven of BeefTek's plans to violate the Lanham Act in the future, not that he was participating in a violation. *See* ECF No. 37 Attach. 1 ¶¶44-45.  Allegations of plans to infringe in the future do not state a false designation of origin claim.  *See* 15 U.S.C. § 1125(a) (false designation of origin claim requires "use[] in commerce").  Accordingly, leave to add the individual defendants will be denied.

---

[corporate] defendants, *along with their agents, officers or employees* from using or marketing the [patented technology]." ECF No. 37 Attach. 1 ¶60 (emphasis added).  Thus, the injunction would apply to the corporate officers through the corporation.

E.    The Scheduling Order

Branhaven moved to modify the scheduling order "to permit time for the Court to rule on the pending Motion for Leave to File Second Amended Complaint," and, if granted, to give Branhaven time to serve the newly added defendants.  ECF No. 38 ¶8. Under Fed. R. Civ. P. 16(b)(4), the scheduling order will be modified only for good cause.  *See also* ECF No. 32 at 1.

Alhough the Court will deny the motion for leave to amend the complaint, modifying the schedule is necessary because Branhaven's expert testimony disclosure deadline has passed and the corporate defendants' deadline is near.  *See* ECF No. 32 at 2.  The scheduling order will be amended as follows:

|  | Former Deadline | New Deadline |
|---|---|---|
| Plaintiff's Rule 26(a)(2) disclosures | January 9, 2012 | February 21, 2012 |
| Defendants' Rule 26(a)(2) disclosures | February 8, 2012 | March 19, 2012 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures | February 22, 2012 | April 2, 2012 |
| Rule 26(e)(2) supplementation of disclosures and responses | February 29, 2012 | April 9, 2012 |
| Discovery deadline; submission of status report | March 26, 2012 | May 7, 2012 |
| Requests for admission | April 2, 2012 | May 14, 2012 |
| Dispositive pretrial motions deadline | April 23, 2012 | June 4, 2012 |

III. Conclusion

For the reasons stated above, Branhaven's motion for leave to file a second amended complaint will be denied, and its motion to amend the scheduling order will be granted in part and denied in part.


_____          _____
2/6/12                          William D. Quarles, Jr.
Date                            United States District Judge